IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIOUS WILDER,
        Plaintiff,

vs.                                     Case No.: 3:11cv348/RV/EMT

MARCIA NICHOLS, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (doc. 1). Leave to proceed in forma pauperis has been granted (doc. 8). Now before the court is Plaintiff's "Beseechment of Injunctive Relief" (doc. 7), in which Plaintiff asks to be transferred to a "medical treatment institution" (*id.* at 1).

In his complaint (doc. 1), which on this date by separate order the court has directed Plaintiff to amend, Plaintiff alleges that he has received inadequate medical treatment for his liver disorder. Through the instant motion, he now moves for a transfer to a different institution, apparently in hopes that the new and specific medical treatment he would like to receive would be available to him at a different facility.

Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)); Johnson v. Radford, 449 F.2d 115 (5th Cir. 1971). The district court must exercise its discretion in the light of whether:

    1.     There is a substantial likelihood that Plaintiff will prevail on the merits;

    2.     There exists a substantial threat that Plaintiff will suffer irreparable injury if the injunction is not granted;

    3.    The threatened injury to Plaintiff outweighs the threatened harm the injunction will do to the Defendant; and

    4.    The granting of the preliminary injunction will not disturb the public interest.

CBS Broadcasting, Inc. v. Echostar Communications Corp., 265 F.3d 1193, 1200 (11th Cir. 2001); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Johnson v. United States Dep't of Agric., 734 F.2d 774 (11th Cir. 1984); Canal Auth. of State of Fla. v. Callaway, 489 F.2d 567 (5th Cir. 1974). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the burden of persuasion as to the four requisites." All Care Nursing Serv. v. Bethesda Mem'l Hosp., 887 F.2d 1535, 1537 (11th Cir. 1989) (quotations omitted).

    Further, the purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994); All Care Nursing Serv., 887 F.2d at 1537; United States v. State of Ala., 791 F.2d 1450, 1457 n.9 (11th Cir. 1986), *cert. denied*, 479 U.S. 1085, 107 S. Ct. 1287, 94 L. Ed. 2d 144 (1987). This necessitates that the relief sought in the motion be closely related to the conduct complained of in the actual complaint. Devose, 42 F.3d at 471; Penn v. San Juan Hosp., 528 F.2d 1181, 1185 (10th Cir. 1975). Also, the persons from whom the injunctive relief is sought must be parties to the underlying action. *See* In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842–43 (11th Cir. 1995).

    For the reasons stated in the court's order directing Plaintiff to amend, Plaintiff has not demonstrated a substantial likelihood of success on the merits of his claim: as presented his claim fails to state a constitutional violation. Furthermore, his request for a transfer is beyond the scope of his original complaint. Additionally federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so. *See* Lewis v. Casey, 518 U.S. 343, 386–87 n.8 (1996) (citing Procunier v. Martinez, 416 U.S. 396, 404–06 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401 (1989)); Newman v. Alabama, 683 F.2d 1312, 1320 (11th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir.1981) (courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment).

Therefore, because Plaintiff has failed to meet his burden of persuasion as to the prerequisites for injunctive relief,  his request should be denied.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's request for injunctive relief (doc. 7) be **DENIED**.

At Pensacola, Florida, this 25th day of August 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**