IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTONIOUS WILDER,
          Plaintiff,

vs.                                Case No. 3:11cv348/RV/EMT

MARCIA NICHOLS, et al.,
          Defendants.

**REPORT AND RECOMMENDATION**

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's amended civil rights complaint "complaint" (doc. 14). Leave to proceed in forma pauperis was granted (doc. 8).

       Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals for failure to state a claim under 1915(e)(2)(B)(ii), which tracks the language of Fed. R. Civ. P. 12(b)(6), are governed by the same standard as that rule. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief

above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964–65, 569 n.14 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46.))  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)).  Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)).  Plaintiff has already been afforded one opportunity to submit an amended complaint.  Upon review of Plaintiff's most recent complaint, the court concludes that sua sponte dismissal is warranted.  *See* Vanderberg v. Donaldson, 259 F.3d 1321, 1323–25 (11th Cir. 2001).

Plaintiff is an inmate at Santa Rosa Correctional Institution who complains about allegedly inadequate medical treatment and a lack of privacy about his medical condition.[1]  As Defendants, he names ARNP Nichols, Dr. Rummel, and Warden Tifft of Santa Rosa Correctional Institution ("SRCI"), as well as Florida Department of Corrections Secretary Edwin Buss, each of whom was also named as a Defendant in the initial complaint.  Plaintiff alleges that on February 12, 2010, he went to sick call for treatment for his liver issue and the officer there, Officer Delvega, who is not named as a Defendant in this action, loudly told him "there is no treatment for hepatitis," thus broadcasting the nature of Plaintiff's medical condition to anyone within earshot and anyone they chose to tell (doc. 14 at 6).  Plaintiff asserts that when he was seen by ARNP Nichols, "this situation was repeated and upon asking for privacy he was told . . . 'not while you are housed on CM'" (*id*.).  It is not clear whether this response was to Plaintiff's request for treatment, privacy, or both.  Plaintiff submitted grievances and, apparently, was dissatisfied with the responses of Warden Tifft

---

[1] He no longer includes specific allegations about his treatment, and the court thus considers these allegations to have been abandoned.  *See* N.D. Fla. Loc. R. 15.1; *see also* doc. 9 at 7 (advising Plaintiff of same).

Case No.: 3:11cv348/RV/EMT

and C.H.O. Rummel, with which Secretary Buss concurred (doc. 14 at 7). The responses only addressed the conduct of Officer Delvega, who is not named as a Defendant in this case. Plaintiff contends that his right to medical privacy and treatment have been abridged, and he claims that his grievances were not reviewed in a fair and unbiased manner. He also asserts violations of the Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendments. He seeks "full medical privacy and care" from a specialist versed in treating conditions of the liver, and damages in the amount of $75,000.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254–55, 101 L. Ed. 2d 40 (1988) (citations omitted); Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005) (citing West).

Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). A portion of Plaintiff's claim arises under the Eighth Amendment, which governs "the treatment a prisoner receives in prison and the conditions under which he is confined." Hellig v. McKinney, 509 U.S. 25, 31, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." Whitley v. Albers, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). After incarceration, only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 670, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976) (citations omitted)).

A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Campbell v. Sikes, 169 F.3d 1353, 1363 (11th Cir.


1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)); *see also* Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The inadvertent or negligent failure to provide adequate medical care "cannot be said to constitute 'an unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 105–06. Furthermore, because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." Hudson v. McMillian, 503 U.S. 1, 9 , 112 S. Ct. 995, 1000,  117 L. Ed. 2d 156 (1992). To show that a prison official acted with deliberate indifference to serious medical needs, a plaintiff must satisfy both an objective and a subjective inquiry. Farrow *supra*; Taylor v. Adams, 221 F.3d 1254, 1257 (11th  Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. Third, as with any tort claim, he must show that the injury was caused by the defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007) (citing Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995)). No liability arises for an official's failure to alleviate a significant risk that he should have perceived but did not, and imputed or collective knowledge cannot serve as the basis for a claim of deliberate indifference. Burnette v. Taylor, 533 F.3d 1325, 1331 (11th Cir. 2008) (citations omitted).

The standards governing an Eighth Amendment claim regarding inadequate medical care were thoroughly set forth in the court's previous order directing Plaintiff to file an amended complaint. Nonetheless,  Plaintiff's most recent complaint does not include any factual allegations that would support a finding that he suffered from a serious medical need, that any Defendant was deliberately indifferent to his medical needs, or that any injury resulted. *See* Taylor; Farmer; Goebert; *supra*. Therefore, to the extent he attempts to state an Eighth Amendment claim for constitutionally deficient medical care, his claim should be dismissed.

Case No.: 3:11cv348/RV/EMT

Plaintiff's claims with respect to Defendants Rummel, Tifft and Buss all surround their allegedly unsatisfactory answers to Plaintiff's grievances about the lack of privacy and his medical treatment. To the extent any of the responding individuals was in a supervisory position over Officer Delvega or Defendant Nichols, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly unconstitutional conduct brought to light by the grievance, even if the grievance is denied. Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999); Weaver v. Toombs, 756 F. Supp. 335, 337 (W.D. Mich. 1989); *see also* Grinter v. Knight, 532 F.3d 567 (6th Cir. 2008); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Prison officials who were not involved in the alleged constitutional violation, and whose only roles involved the denial of administrative grievances or the failure to act, are not liable under § 1983 on theory that failure to act constituted an acquiescence in the unconstitutional conduct, regardless of whether the grievance was denied. Grinter, *supra* (citing Shehee v. Luttrell,199 F.3d 295, 300 (6th Cir. 1999)); *see also* Lomholt v. Holder, 287 F.3d 683, 683 (8th Cir. 2002) (defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); Weaver, 756 F. Supp. 335, 337 (W.D. Mich. 1989) (holding that prisoner failed to state a § 1983 claim against supervisory officials, where prisoner merely alleged the officials denied his grievance and did not allege they were personally involved in the alleged misconduct), *aff'd*, 915 F.2d 1574 (6th Cir. 1990). Thus, Plaintiff has not stated a claim against these three Defendants for their allegedly unsatisfactory responses to his grievances.

Next, the court notes that there are simply no facts in the complaint that would support a claim under the Fifth, Sixth, Ninth, Tenth or Thirteenth Amendments. And, although the basis for Plaintiff's Fourteenth Amendment claim is unclear, a liberal reading of his submission suggests perhaps he is trying to claim an equal protection violation. To establish an equal protection claim, a prisoner must demonstrate that (1) "he is similarly situated with other prisoners who received" more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race. Sweet v. Secretary, Dept. Of Corrections, 467 F.3d 1311 (11th Cir. 2006) (citing Jones v. Ray, 279 F.3d 944, 946-947 (11th Cir. 2001); Damiano v. Fla. Parole & Prob. Comm'n, 785 F.2d 929, 932–33 (11th Cir. 1986) (per curiam)); *see also* Smith v. Regional Director of Florida Dept. of Corrections, 368 Fed. Appx. 9 (11th Cir. 2010). Plaintiff did not set forth any

facts in support of his allegations, and furthermore, there is nothing in the complaint to suggest a viable equal protection claim.

As a final matter, the court addresses the relief sought by Plaintiff. Subsection (e) of 42 U.S.C. § 1997e states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The Eleventh Circuit has decided that the phrase "Federal civil actions" means all federal claims, including constitutional claims. Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2000) (citing Harris v. Garner, 216 F.3d 970, 984–85 (11th Cir. 2000) (en banc)). In order to satisfy section 1997e(e), a prisoner must allege more than a de minimis physical injury. Harris v. Garner, 190 F.3d 1279, 1286–87 (11th Cir. 1999), *reh'g en banc granted and opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part en banc*, 216 F.3d 970 (11th Cir. 2000)) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in Hudson [v. McMillian, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than de minimis, but need not be significant."); Osterback v. Ingram, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000). Accordingly, a prisoner may not recover compensatory and punitive damages for mental or emotional injury absent a showing of more than de minimis physical injury. The allegations in the instant complaint show no injury. Therefore, even if Plaintiff had stated an actionable claim, he is not entitled to recover monetary relief.

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 6<u>th</u> day of January, 2012.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).